Eastern District of Kentucky
**FILED**

NOT FOR PUBLICATION OR CITATION

JUL 1 4 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-126-DLB

BENJAMIN JENKINS
A/K/A RUBEN MORGAN                                                PLAINTIFF

VS.                      **MEMORANDUM OPINION AND ORDER**

EDWARD PRINDLE, Jailer                                           DEFENDANT

**** **** **** ****

Benjamin Jenkins, a/k/a Ruben Morgan, an individual incarcerated in the Boone County Jail

in Burlington, Kentucky, has instituted a prisoner *pro se* civil rights action, pursuant to 42 U.S.C.

§1983, about the conditions of his confinement, and has requested to proceed *in forma pauperis*.

The motion will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; 28 U.S.C.

§1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

CLAIMS

The plaintiff claims that the defendant jailer has not provided him with appropriate medical

attention, thereby (1) violating his due process rights under the Fourteenth Amendment; and (2)

subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.

NAMED DEFENDANTS

As the sole defendant, the plaintiff names Boone County Jailer Edward Prindle.

RELIEF REQUESTED

The plaintiff seeks damages.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the factual allegations written on this prisoner-plaintiff's form complaint and additional attached pages [Record No. 1] or gleaned from the records which the plaintiff filed in a supplement [Record No. 2].

The plaintiff alleges that he has been incarcerated at the Boone County Jail since April of 2006 and that prior to coming to the Jail, a psychiatrist named Ward Thayre and a Doctor Howardington, had been treating him at the Floyd County Jail for a period of 4 years. He purportedly brought his medical records with him to the Boone County Jail, where he gave them to the Jail's Dr. Kessler and a Lt. Browning. Additionally, Jenkins alleges that he gave a doctor's phone number to the Boone County Jail. The plaintiff states that he specifically informed Dr. Kessler and a Sergeant Klute at the Jail that he needed 20 mg prozac and 250 mg trazodone, plus other medications, for schizophrenia.

Besides claiming to suffer from anxiety and depression for which he needs the above-referenced medication, Plaintiff also complains of other ailments, including problems with bowel movements, a blood pressure medication, and a low salt diet, for which he did not receive proper treatment. He complains that he has had 3 visits with Dr. Kessler, for which he paid a total of $45.00, but "nothing was done but stressful situation."

Jenkins attaches copies of documents from two jails. There are medical records from the Hamilton County Justice Center, in Cincinnati, Ohio, which show his medical treatment there from September of 2005 until he was released from the Center on April 18, 2006. The plaintiff apparently entered the Boone County Jail on that same day, as he began making a series of medical requests at the Jail on April 18th and the several copies these forms show that he was in the Boone County Jail thereafter. On the first section of the form entitled "Boone County Jail Request for

2

Medical Attention," the plaintiff complains of "anxiety/depression." The last section of the form shows that he was seen by a doctor, whose signature is indecipherable but who has written as a diagnosis: "Anxiety[.] Get psych records." The plaintiff made another, unrelated medical request only a few days later, on April 23rd, writing on the request form that he had no bowel movement and has a loose tooth, to which the physician responded.

Plaintiff Jenkins' attachments show that in May he filed additional medical request forms about the medication issue, one on the 11th and two on the 18th. In the portion of the request forms which are for the doctor's response, the doctor has written that he was awaiting the plaintiff's old records. On the latest response form, on May 22nd, the doctor questions if there has been a delay because of "some confusion over dual name," i.e., the plaintiff being referred to as Benjamin Jenkins on some forms and as Ruben Morgan on others, according to the records which the plaintiff has provided herein. Finally, on May 23, 2006, the Hamilton County Justice Center faxed to the Jail Jenkins' medical records ending with his release from the Center on April 18, 2006.

Prior to signing his verified complaint on June 20, 2006, the plaintiff filed one more medical request form at the Jail, but it did not regard the psychiatric medication issue.[1] The supplementary record reveals that after filing the instant lawsuit, the plaintiff filed two additional request forms, on June 22nd and 24th, in both of which he claimed to need medicine for a bowel movement and to "need medical records" for filing with the court in his civil cases. The first of these request forms shows that when the doctor tried to respond, the plaintiff refused to see him; and the last one shows that on June 26th, the doctor prescribed epsom salts for his bowel complaint, as he had done before.

---

[1] This request for medical attention form is dated June 7, 2006, and contains Jenkins' requests for medicine to help a bowel movement and for a compound to treat a wart on his finger, both of which were treated by the doctor.

Plaintiff indicates that the Jail has a grievance procedure, and in response to the complaint form's question specifically asking for what he did administratively and what the result was, he has written, "jail grievance, request forms, medical request."

## DISCUSSION

The Court must begin with a certain pre-condition to inmate lawsuits about the conditions of their confinement. Congress has mandated that prisoners are required to exhaust a jail or prison's administrative remedy scheme before coming to federal court, the statute providing as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Upon another review, the Court recently held that the exhaustion must be properly in conformity with the administrative remedy scheme. *Woodford v. Ngo*, _____ S.Ct. _____, 2006 WL 1698937 (June 22, 2006).

Moreover, the Sixth Circuit has consistently insisted on compliance with the statute--and a clear demonstration of said compliance--at the time of filing. *See Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997). A plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

4

In the case *sub judice*, the plaintiff has claimed that several administrative remedies were tried, *i.e.*, "jail grievance, request forms, medical request." As to the first of these, Jenkins has written in the singular, claiming only that he wrote a "jail grievance." He neither alleges nor demonstrates that he pursued the Jail's grievance procedures to exhaustion. In fact, he has not attached a copy of any grievance form or provided a detailed description of any grievance or response, as is required by *Brown v. Toombs*, 215 F.3d at 642. In short, the plaintiff has failed to demonstrate that he properly exhausted the administrative remedy scheme about the medical records issue, as is required under the afore-stated law.

The plaintiff has provided copies of four requests for medical attention wherein he complains of his need for the psychiatric medications. These medical request forms were all written in a month's time, from April 18th to May 18th, and the doctor has indicated thereon his need to have Jenkins' medical records. Another of the plaintiff's attachments shows that the awaited medical reports were finally faxed to the Boone County Jail a few days later, on May 23rd. However, there is no indication in the record that the one-month delay in obtaining the records ever reached the attention of the Boone County Jailer, and it is the Jailer whom the plaintiff sues for damages.

The Sixth Circuit has interpreted §1997e as requiring that a prisoner file a grievance against the person he ultimately seeks to sue. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Similarly, each claim which a prisoner wishes to bring must have been exhausted administratively. *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003); *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). *See also, Bell v. Konteh*, ____ F.3d ____, 2006 WL 1651662 (6th Cir. June 16, 2006).

Because the plaintiff's claim against Jailer Prindle has not been exhausted administratively, it may not proceed further in federal court.

5

The prisoner-plaintiff is informed that exhaustion is not a mere formality. It is a statutory requirement, and the Sixth Circuit has repeatedly stated the underlying reasons for exhaustion, explaining that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d at 644. *See also Curry v. Scott*, 249 F.3d at 505; *Hartsfield v. Vidor*, 199 F.3d at 308-09. Not having alerted the Jailer to the month-long delay in getting records to verify his need for certain medications, the plaintiff may not now be permitted to surprise him with a lawsuit for damages.

In this case, therefore, it is the duty of this Court to enforce the requirement of the statute. *Knuckles-El*, 215 F.3d at 642. *See Mentecki v. Corrections Corp. of America*, 234 F.3d 1269, 2000 WL 1648127 (6th Cir. 2000) (unpublished) (discussing the impermissibility of prisoners beginning the process, then short-circuiting the system, and later alleging the futility of going further).

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action be **DISMISSED,** *sua sponte*, without prejudice, for the plaintiff's failure to demonstrate proper exhaustion of his administrative remedies at the Boone County Jail, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This ⁄3ᵗʰ day of July, 2006.



Signed By:
David L. Bunning
United States District Judge

6